IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DIANNA ESTES, on behalf of herself and
all those similarly situated                                                        PLAINTIFF

v.                              Case No. 5:13-CV-05199

PAM TRANSPORT INC.                                                             DEFENDANT

**ORDER GRANTING FINAL APPROVAL OF COLLECTIVE AND
CLASS ACTION SETTLEMENT**

Before the Court is Plaintiffs' unopposed Motion for Final Approval of Collective and Class Action Settlement and Related Relief. (Doc. 96). The Court has considered the Motion and legal arguments presented therein, considered the objections presented by class members, and held a hearing on the Motion.

Upon due consideration, the Court finds that Plaintiffs' unopposed Motion for Final Approval of Collective and Class Action Settlement and Related Relief (Doc. 96) is GRANTED. IT IS THEREFORE ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. This Court has jurisdiction over the subject matter of this action, all members of the Settlement Class, as defined in the Joint Stipulation of Settlement and Release (Doc. 85) (the "Settlement Agreement"), and all Defendants.

2. In accordance with Federal Rule of Civil Procedure 23, the requirements for due process, and the Court's Order Granting Provisional Certification of a Settlement Class, Appointing Class Representative and Class Counsel, Preliminary Granting Approval of Class Settlement, and Related Relief (Doc. 86) ("Preliminary Approval Order"), the Settlement Class was given proper and adequate notice of the Settlement, including the details thereto, and the Fairness Hearing held on January 20, 2016.

3. Ninety (90) days has elapsed since the mailing of notices mandated by 28 U.S.C § 1715. Because no objection or request for hearing has been received from any Federal or State Official, the requirements of 28 U.S.C. § 1715 are satisfied.

4. The Notice of Settlement and Fairness Hearing, as amended (Doc. 85), and notice methodology implemented pursuant to the Preliminary Approval Order: (a) were appropriate and reasonable and constitute due, adequate, and sufficient notice to all persons entitled to notice; and (b) met all applicable requirements of the Federal Rules of Civil Procedure and any other applicable law.

5. The Settlement was the result of arms-length negotiation by experienced counsel. The Settlement is the product of adversarial negotiations following two years of litigation that involved substantial discovery efforts and expense for the Parties. Counsel for the Parties and the Parties themselves carefully evaluated the risks, time, and costs associated with continuing this litigation. The Settlement represents a fair compromise to what will otherwise be a long and uncertain path of litigation.

6. The Settlement warrants final approval pursuant to Federal Rule of Civil Procedure 23(e) because it is fair, adequate, and reasonable to the Class and others whom it affects based upon (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the Settlement Class to the Settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; and (6) the risks of maintaining a class action through the trial.

7. Additionally, the settlement is a fair and reasonable compromise of a bonafide dispute under the FLSA.

8. The Court finds that the requirements of the United States Constitution, the Federal Rules of Civil Procedure, and any other applicable laws have been met as to the Settlement Class.

9. The FLSA Collective Action and Rule 23 Class Action Settlement is granted Final Approval. All Collective Action Members and Settlement Class Members are subject to the release of claims as set forth in the Settlement Agreement.

10. The Court confirms the appointment of Named Plaintiff as class representative for the Settlement Class, and Swartz Swidler, LLC as Counsel for the Settlement Class.

11. The allocation of the Net Settlement Fund between the FLSA Collection Action and Rule 23 Class Action Settlement Members, as set forth in the Settlement Agreement, is reasonable.

12. The Defendant is to wire the Maximum Settlement Amount of three million, four-hundred fifty thousand dollars ($3,450,000) to the Claims Administrator within 30 days after the Settlement Effective Date, as defined in the Settlement Agreement.

13. The Claims Administrator is to distribute the Settlement Fund to all class members consistent with the Settlement Agreement and this Order.

14. Class Counsel's request for its reasonable attorney's fees and costs, totaling $1,150,000—1/3 of the Net Settlement Fund—is approved.

15. Named Plaintiff Diane Estes is awarded a service payment of $10,000.

16. Opt-in Plaintiffs Kariem Abdo, Joseph Alexander, Dennis English, Clifton Harris, Darren Hall, Christopher Henretty, Darrick Ward, Richard Yarbourough, Robert Hopkins, Wilfred Camacho, Stephen Townley, Lonnie Fisher, Jedidah Godfrey, Elmer Sharp, William

Baze, and Kadetrious Taylor, who all sat for deposition, are awarded $300 each as service payments.

17. The Court recognizes that Nilesh Patel has opted out of this action.

18. The Final Approval Motion is GRANTED, and the Settlement hereby is APPROVED as fair, reasonable, adequate to members of the Settlement Class, and in the public interest. The settling parties are directed to consummate the Settlement in accordance with the terms of the Settlement Agreement, and payment to the Claims Administrator for its reasonable fees and costs incurred in administering the settlement.

19. This matter is DISMISSED WITH PREJUDICE without costs or fees to either side, except as provided in the Settlement Agreement and this Order.

IT IS THEREFORE ORDERED that Plaintiffs' Motion for Final Approval of Collective and Class Action Settlement and Related Relief (Doc. 96) is GRANTED as set forth above.

IT IS SO ORDERED THIS 6th day of April, 2016.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE